ZABRISKIE'S EXECUTORS *vs.* WETMORE and others.

1. Where the will enjoins duties pertaining purely to the office of executor, and also directs the executor to hold the balance in trust for the purposes declared in the will, a trust is created within the meaning of the Orphans Court act.

2. Where, in such case, the duties of the executorship have been fully discharged, and the estate settled, and the trustee dies, the Orphans Court has jurisdiction to appoint a new trustee. (*Nix. Dig.* 642, § 13.)

3. If, in making such appointment, the proceedings of that court are irregular, the irregularity cannot be inquired into collaterally.

4. *Quære.* Whether the Orphans Court has power to appoint a trustee to execute a part of the trusts of the will, under the thirteenth section.

5. An estate held in trust under a will for several persons, the income of the shares to be paid to them, severally, during their lives, and at their death, to their children, will not be dismembered, and a share of one of the *cestuis que trust* directed to be paid over to a trustee, appointed for him upon his application, though the appointment was duly made by a court of competent jurisdiction, when the divisibility of the trust fund and the right of the *cestui que trust* to have the share of the fund in which he has a life interest separated from the estate, are open questions; and where such dismemberment of the estate would do violence to the testator's intention, and defeat his manifest design.

6. A provision that trustees should have full power to "retain all the trust property in their hands unsold and undivided until after a specified time, does not necessarily imply that they should divide the property after that time.

Bill for relief. On final hearing, on bill and answer.

*Mr. L. Zabriskie,* for complainants.

*Mr. W. B. Williams,* for F. G. Wetmore and wife.

*Mr. R. S. Green* and *Mr. J. D. Banghart,* for defendants, Tonnele, Deegan, and Gedney.

THE CHANCELLOR.

John Tonnele, formerly of the county of Hudson, died on the 26th of November, 1852. By his will, dated on the 6th

of that month, after making specific devises and bequests, he gave, devised, and bequeathed all the rest and residue of his property, real and personal, to his eight children, Laurent John Tonnele, Julia Emilie Tonnele, Cecile Josephine Tonnele, Laurencine Salles Tonnele, Adelaide Jane Tonnele, Margaret Tonnele, Eloise Tonnele, and Isabella Zedina Tonnele, to be equally divided between them, share and share alike, in such manner that each child should receive only the net rents, income, and profits of his or her share during his or her life; and at the death of each child, his or her share should go to, and vest in, his or her lawful issue, and in default of such issue living at his or her death, then to the testator's other children, and their issue, in the same manner as the share of each was thereby limited and given; the children of any deceased child to take the parent's share. In order, as he declared, more fully to carry out the objects of his will, the testator appointed and declared his executors to be trustees of all property, estate, or interests therein given or devised to any of his children, or that any of them might be entitled to by virtue of any provision of the will during the life of such child, (except the life estate in his mansion house devised to his son,) with full power to retain all such property in their hands unsold and undivided until after the year 1867. And he thereby authorized his executors to sell and convey all or any part of his real estate, and all real estate that might be purchased by them, and to invest his personal estate and the proceeds of the sale of such real estate, at interest, on bond and mortgage of real estate, or in government or state stocks, or to lay out the same in the improvement of his real estate, or in the purchase of other real estate and the improvement thereof, as might seem to them most for the interest and advantage of his children, and for the improvement of his estate, and to change such investments as they should judge best, from time to time. He ordered and directed his executors to pay over to each of his children, during his or her natural life, the net income of that part or portion of his estate therein given or devised to such child, after deducting

therefrom all taxes, assessments, commissions, and other annual expenses and charges; the income of each of his daughters to be paid to her, upon her own receipt, for her separate use, free from the control of any husband; and that of his son, as well as the annuity therein granted to the latter, on certain events, to be paid to him, on his own receipt, for his own use, and not to any assignee or mortgagee of the same. The will was duly proved by all the executors, who were .the testator's widow, Robert Gilchrist, and Abraham O. Zabriskie.

All of the testator's children, named in his will, survived him. Since his death, two of his daughters have died, without issue and unmarried. Others of his daughters, among them, Julia Emilie, have married. She married Francis G. Wetmore, and has three children living. All of the executors are dead. The last, Abraham O. Zabriskie, died on the 27th of June, 1873, leaving a will, of which the complainants are executors. There was in his hands, as surviving trustee, at the time of his death, $226,817.11. Mrs. Wetmore's share of which, was $34,648.87. On or about the 27th of December, 1873, Mr. and Mrs. Wetmore presented their petition to the Orphans Court of Hudson county, in which county the testator, John Tonnele, resided at the time of his death, setting forth, substantially, the foregoing facts, and praying the appointment of Mr. Wetmore as trustee, to execute the trusts of the will of John Tonnele, touching the estate of Mrs. Wetmore. That court, on the 3d of January, 1874, ordered that Mr. Wetmore be appointed trustee, to execute the trusts of the will of John Tonnele, deceased, touching the estate and interest of Mrs. Wetmore, with all the powers of the trustees appointed by the will, and requiring Mr. Wetmore to give a bond, to be approved by the court, in the penalty of $40,000, with one or more sureties, being freeholders, and conditioned for the due performance of his trust. The bond was given, and approved by the court. The newly appointed trustee then demanded of the executors of Mr. Zabriskie, the share of Mrs. Wetmore in the trust estate.

The executors declined to pay it over, and filed their bill in this court, suggesting the existence of grave doubts as to their power and authority, under the will of John Tonnele, to divide and transfer to Mr. Wetmore, as trustee, the portion of the trust estate in their hands, to which Mrs. Wetmore is beneficially entitled for her life, and as to the jurisdiction of the Orphans Court to appoint Mr. Wetmore trustee, especially seeing that none of the parties in interest were made parties to the application to that court, nor in any way notified of the contemplated action of that court in the premises. The executors, however, by the bill, waived notice to them, and all irregularity or imperfection in the proceedings, on account of their not having been made parties thereto, or cited therein. It was admitted, on the hearing, that the assets of the estate have been collected and invested, and all the debts paid ; also, that a just partition of the investments, if one were decreed, might be made.

At the time of the death of the last survivor of the executors, all the duties of the executorship of the will had been discharged, and there remained nothing further to be done in that direction. The estate had been settled. The surviving executor had therefore become, and he then was, merely a trustee. The Orphans Court, therefore, had jurisdiction to appoint a new trustee or trustees. The thirteenth section of the Orphans Court act (*Nix. Dig.*, *4th ed.*, 642,) provides that when any trustee appointed by last will and testament shall neglect or refuse to act, or shall die before the execution and completion of the trust so committed to him, the Orphans Court of the county where the testator resided at the time of his death, shall have full power and authority to appoint some suitable person or persons to execute such trust; and the court are thereby authorized and required to demand and take from such trustee or trustees a bond with one or more freehold sureties, conditioned for the due performance of the said trust. The section further provides that the trustee or trustees so appointed shall have and possess all the power of the trustee or trustees so neglecting, refusing or dying. The

proviso of the section prevents its application to the office of executor. The statute applies to this case. The will provided for the collection of the assets and the payment of the debts, and that the executors should hold the balance in trust for the purposes declared in the will. A trust was thus created within the meaning of the act. *Brush* v. *Young*, 4 *Dutcher* 237. The Orphans Court had jurisdiction, therefore, to appoint a suitable person or persons to execute the trust. And if the proceedings in that court, in so doing, had been irregular, the irregularity could not be inquired into collaterally. *Budd* v. *Hiler*, 3 *Dutcher* 43, 47 ; *People* v. *Norton*, 5 *Seld.* 176. But it may be questioned whether they exercised that jurisdiction ; whether they did not, under the guise of an appointment of a person to execute the trust under the will with which the executors, as trustees, had been clothed, in fact, make an original appointment of a trustee for Mrs. Wetmore. The trust under the will, except so far as her interest is concerned, would still remain to be executed by some one else, if Mr. Wetmore were to be permitted to receive his wife's share of her father's estate. The appointment does not purport to be an appointment of a trustee to execute the trusts of the will, and it may well be doubted whether, under the above quoted section of the statute (§ 13), the Orphans Court had jurisdiction to make an appointment in the premises of less scope than that. But, assuming that the appointment in question was within the jurisdiction of the Orphans Court, this court is not, under the circumstances, bound to direct payment of any part of the trust fund to the new trustee ; for the question of the divisibility of the trust fund among the children of the testator, to be held in trust for them, and consequently the question of Mrs. Wetmore's right to have the share of the fund in which she has a life interest separated from the estate and held in trust in severalty for her, would still remain. Thus to dismember the trust would certainly, in this case, do violence to the intention of the testator, by transferring to the husband of one of his daughters, as trustee for her, the share of his

estate, the income of which he carefully guarded against the control of her husband. It would also defeat the testator's design that the trustees under his will should hold his estate in their hands for the life of his children, which design is manifested by the provision that the trustees shall pay over the income of each child's share to him or her during his or her natural life. It is also evidenced by the extensive power given to the trustees in making investments. The will authorizes them to sell and convey all or any part of the testator's real estate, and all real estate that may be purchased by them, and to invest his personal estate and the proceeds of the sale of such real estate at interest on bond and mortgage of real estate, or in government or state stocks, or to lay out the same in the improvement of his real estate, as may seem to them most for the advantage of his children, and for the improvement of his estate, and to change such investments as they shall deem best from time to time. It may be remarked that the provision on which much stress was laid by the counsel of Mr. and Mrs. Wetmore at the hearing, that the executors should have full power to "retain all the trust property in their hands unsold and undivided until after the year eighteen hundred and sixty-seven," by no means implies that they should divide the property after that date, for it is evident from the will that the testator intended, as before stated, that the trustees should hold the estate for the life of his children. The testator's intention in the provision referred to, must have been to enable the trustees to hold the property for the fifteen years which would elapse between the making of his will and the date last mentioned, without being liable to be required to pay over to any of his grandchildren, any share to which they might become entitled before that date. He could not have contemplated any division which should put the share of any of his children out of the hands of his trustees in the lifetime of such child.

The executors of Mr. Zabriskie will be advised not to pay over any part of the trust fund to Mr. Wetmore, as trustee under the appointment set forth in the pleadings in the cause.